IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ___ ENTERED
LODGED ___ RECEIVED

MAY 3 0 2017

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * Civil No. WMN-16-2220 |
| | * Criminal No. WMN-02-0381 |
| DONTE ROLANDO HARRIS | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Defendant Donte Rolando Harris was sentenced on January 12, 2004. On January 18, 2005, Defendant filed his first motion under 28 U.S.C. § 2255. ECF No. 135. After being supplemented, that motion was denied on March 8, 2006. ECF Nos. 156, 157. Defendant filed a second motion under § 2255 on November 22, 2006, ECF No. 172, which was denied on December 6, 2006. ECF Nos. 173, 174.

Now before the Court is a motion filed by Defendant on June 16, 2016, which purports to be seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 239. This motion contains three "Claims:" "Improper Sentencing Guidelines and Pre-Sentence Report Calculation;" Relevant Conduct and Loss Amount;" and "Ineffective Assistance of Counsel." Defendant acknowledges in his motion that a "district court can construe a Rule 60(b) motion into a Section 2255 [motion,]" ECF No. 239 at 3, and Defendant directs the Court, correctly, to <u>United States v. Winestock</u>, 340 F.3d 200 (4th Cir. 2003), for guidance as to

"'how to distinguish a proper Rule 60(b) motion from a second or successive [application] in 60(b)'s clothing.'" Id. at 4 (quoting Winestock, 340 F.3d at 207).

In Winestock, the Fourth Circuit noted that, while "[t]here may be no infallible test for making this distinction, [] a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Id. The court explained further that "a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Id. (citations omitted).

Defendant's current motion is clearly a successive petition. Defendant seems to argue that it can be treated otherwise based upon his representation that his previous filing "never touched on the topic herein filed." ECF No. 239 at 4. A motion simply bringing a new legal argument attacking the

2

defendant's conviction or sentence is, by definition, a successive petition.

Under 28 U.S.C. § 2244, a petitioner may file a second or successive habeas corpus petition only if he has first obtained an order from the appropriate circuit court authorizing the district court to consider his application. See 28 U.S.C. § 2244(b)(3). Despite Defendant's argument to the contrary, the pending motion is successive and this Court may not consider it until the Court of Appeals for the Fourth Circuit enters an order authorizing the district court to do so. See id.; see also In re Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Defendant has obtained such authorization,[1] the instant Motion will be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Clerk shall provide a packet of instructions published by the Fourth Circuit which addresses the comprehensive procedure

---

[1] While he was being represented by the Office of the Federal Public Defender, Defendant did file in the Fourth Circuit a motion for authorization to file a successive petition relying on a different argument, one arising out of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The Fourth Circuit denied that motion on March 16, 2017. ECF No. 243.

to be followed should Petitioner wish to seek authorization to file a successive § 2255 motion with the appellate court. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

In addition to the above analysis, the issuance of a certificate of appealability (COA) must be considered. When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

Accordingly, the Court will dismiss Defendant's pending motion without prejudice and will not issue a certificate of appealability. A separate order will issue.

4

_____/s/_____
                          William M. Nickerson
                          Senior United States District Judge


DATED: May 30, 2017