IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTE ROLANDO HARRIS,
   *Petitioner*,

v.

UNITED STATES OF AMERICA,
   *Respondent*.

Criminal No. ELH-02-0381
Civil No.: ELH-16-2220

**MEMORANDUM**

Petitioner Donte Rolando Harris, who is self-represented, has filed a Motion For Declaratory Relief pursuant to 28 U.S.C. § 2201 (ECF 261, "Motion"), along with several exhibits. He has also filed a Request for Judicial Notice (ECF 270), with exhibits, and a motion for appointment of counsel. ECF 273. These are among the many post conviction filings submitted by Harris in what the government aptly describes as a case with "a long and tortured procedural history . . . ." ECF 271 at 1. The government's response is at ECF 271. Harris has replied. ECF 272; ECF 274.

No hearing is necessary to resolve the Motion. I shall deny the Motion (ECF 261), the Request for Judicial Notice (ECF 270), and the motion for appointment of counsel (ECF 273).

**I.    Background[1]**

---

[1] Many of the proceedings in this case took place before the use of electronic filing. As a result, I was unable to access electronically any filings prior to December 1, 2009. However, I reviewed the personal court file maintained by Judge Benson E. Legg and Judge William Nickerson, both of whom handled portions of this case. In addition, I ordered the Court file from the federal archives, and I reviewed the records maintained in the archives.

Harris and four others were charged in a twenty-three count Second Superseding Indictment.² Harris eventually entered a plea of guilty to multiple armed robberies. According to the docket entry for January 12, 2004, a plea of guilty was tendered on that date, after four days of a jury trial.

Sentencing was conducted by Judge William Nickerson on January 13, 2004. He imposed a total sentence of 50 years' incarceration. *See* ECF 122. According to the Judgment, contained in the chambers file of Judge Nickerson, Harris pled guilty to Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, and Twenty Two of the Second Superseding Indictment, charging bank robbery and aiding and abetting on dates between January 11, 2002 and July 29, 2002. In addition, he pled guilty to Counts Three and Five of the Second Superseding Indictment, charging him with using, carrying, and brandishing a firearm during and in relation to a crime of violence. Those offenses occurred on January 11, 2002 and February 12, 2002.

The guilty plea of January 12, 2004, was not Harris's first guilty plea. On March 24, 2003, Harris had entered a plea of guilty. *Id.* The file obtained from U.S. Archives contains a copy of the transcript of the rearraignment on March 24, 2003, *i.e.*, the first guilty plea. There, the parties stipulated to a sentence of 25 years' imprisonment. *Id.* However, on April 15, 2003, Harris sent a letter to the Court expressing his desire to withdraw his guilty plea. A new lawyer was appointed for Harris and, following a hearing at which Harris was represented by his new lawyer, the Court allowed him to withdraw his plea of guilty.

As a result, Harris proceeded to trial beginning January 5, 2004. In the first week of trial, at which Judge Nickerson presided, the government presented more than 40 witnesses. Not surprisingly, Mr. Harris again expressed interest in entering a plea of guilty. By that point, his

---

² Three of Harris's codefendants pled guilty and a fourth was convicted after a trial.

Presentence Report had already been prepared, in anticipation of sentencing in accordance with the original guilty plea.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated to a total sentence of 50 years' imprisonment. And, Harris proceeded directly to sentencing. *Id.*

Despite the length of the sentence, Judge Nickerson indicated that the Plea Agreement was "very favorable" to Mr. Harris, in light of "the overwhelming evidence against him and the even longer sentence that would be imposed had he been convicted at trial." ECF 156 at 2 (citing Transcript of January 12, 2004 at 19).[3]

Harris filed for post conviction relief under 28 U.S.C. § 2255. *See* ECF 134; ECF 140. In a Memorandum Opinion docketed March 8, 2006 (ECF 156), Judge Nickerson recounted the history of the case.[4] Judge Nickerson noted that Harris participated in 11 armed bank robberies between January and August 2002, some of which included the actual or planned abduction of bank employees. Judge Nickerson denied the petition for post conviction relief. *See* Order of March 8, 2006. ECF 157.

Harris filed a second motion under § 2255 on November 22, 2006. ECF 172. It was denied on December 6, 2006. ECF 173; ECF 174.

Then, on June 16, 2016, Harris filed a motion seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. ECF 239. Judge Nickerson regarded that motion as "a successive [§ 2255] petition." ECF 244 at 2. He dismissed the motion by Memorandum and Order of May 30, 2017. ECF 244; ECF 245.

---

[3] Codefendant Billy Campbell Harding received a sentence of 96 years imprisonment after the trial, according to a letter contained in the filed obtained from Archives, written by defense counsel Joseph Murtha to Mr. Harris.

[4] A copy of the Memorandum, as well as the Order, is contained in the Court file.

In 2017, Harris also filed for habeas relief in the Southern District of Indiana. According to the government, relief was denied in that matter. *See* ECF 271 at 1 n.1 (citing Case No. 2:17-CV-00338-JMS-MJZ).

Harris has once again filed a post conviction petition challenging his conviction and sentence. *See* ECF 261. To be sure, it is not labeled as a petition under 28 U.S.C. § 2255. But, "[i]t is the relief sought, not the pleading's title, that determines whether the pleading is a 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).[5] Harris's efforts to make an end run around the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") necessarily fails.

## II. Discussion

In AEDPA, which amended 28 U.S.C. §2255, Congress imposed "stringent limitation[s] on a federal prisoner's ability to bring a 'second or successive' post-conviction motion pursuant to § 2255." *United States v. Emanuel*, 288 F.3d 644, 647 (4th Cir. 2002). First, the AEDPA requires that a successive § 2255 motion "must be certified…by a panel of the appropriate court of appeals…" 28 U.S.C. § 2255(h); *see also United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). Second, the court of appeals may only certify a successive § 2255 motion if the petitioner (1) has newly discovered evidence or (2) relies "on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings." *Emmanuel*, 288 F.3d at 647; *see also* 28 U.S.C. § 2255(h). Thus, even if there were merit to Petitioner's claim, Congress has expressly stated that a successive § 2255 petition cannot be heard without certification from the appropriate appellate court.

---

[5] "A rose by any other name would smell as sweet." William Shakespeare, *Romeo and Juliet*, Act II, Scene II.

Petitioner has filed several prior § 2255 petitions. And, he has not obtained pre-filing authorization from the Fourth Circuit for this Petition, despite the fact that he clearly has knowledge that one is required, given the history of the case. Without such pre-filing authorization, "the district court lacks jurisdiction to consider a [successive] application…" *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *see also* 28 U.S.C. § 2255. In other words, the statute does not dispense with the pre-filing authorization requirement, even if a new right has been recognized by the Supreme Court.

Accordingly, § 2255(h) requires this Court to dismiss Petitioner's Motion (ECF 261), for lack of jurisdiction. I shall also deny ECF 270 and ECF 273.

### III. Certificate of Appealability

The accompanying Order is a final order adverse to the applicant. Therefore, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed. A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

Harris has failed to satisfy this standard. Therefore, a certificate of appealability shall not issue.

An Order follows.

Date: March 2, 2020
                                    /s/
Ellen L. Hollander
United States District Judge