**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>DONTE ROLANDO HARRIS,<br>*Defendant*. | Criminal No. ELH-02-0381 |

# MEMORANDUM

This Memorandum concerns a claim of error lodged by defendant Donte Rolando Harris with respect to his Second Amended Presentence Report. *See* ECF 393 ("Second Amended PSR"). In particular, on March 4, 2026, Harris filed a "Motion for Clerical Error. Fed. Rul. Crim Pro. Rule 36." ECF 416. It is supported by four exhibits. ECF 416-1 to ECF 416-4. Defendant has twice supplemented the Motion. ECF 417; ECF 419. I shall refer to defendant's submissions collectively as the "Motion."[1]

Pursuant to an Order of this Court (ECF 420), the government responded to the defendant's Motion on July 28, 2026. ECF 422 (the "Response"). Defendant replied on August 10, 2026. ECF 423 (the "Reply").

[1] Defendant has also submitted multiple letters to the Court with regard to the Motion. *See* ECF 418; ECF 419; ECF 421. He seeks, *inter alia*, expedited consideration of his Motion, due to "exigent circumstances." ECF 418. In addition, a person claiming to be defendant's aunt has called Chambers on several occasions, inquiring as to when the Court will address the Motion.

There are no exigent circumstances. Moreover, defendant, who is a prolific correspondent, seems to overlook the considerable time the Court has already devoted to his case and the Court's need to attend to other cases.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I. Background

This case has a long history, dating to August 2002. It was originally assigned to Judge Benson E. Legg in 2002. It was reassigned to Judge William Nickerson in 2003. On April 15, 2019, the case was reassigned to me due to the retirement of Judge Nickerson. *See* Docket.

I have summarized the factual and procedural background in prior opinions. *See*, *e.g.*, ECF 275 at 2–4; ECF 304 at 2–6; ECF 404 at 3–13. Therefore, I need not restate that history here. Instead, I shall incorporate by reference the summaries set forth in my prior opinions, and review here only the factual and procedural history pertinent to the Motion.[2]

Defendant was one of five defendants in the case.[3] Harris and his codefendants robbed and/or attempted to rob eleven banks and financial institutions, with firearms. ECF 297-4, ¶¶ 10–14.

Harris proceeded to a jury trial in January 2004. *See* Docket. On January 12, 2004, on the fourth day of defendant's jury trial, defendant entered a plea of guilty, pursuant to a plea agreement, to Counts Two, Three, Four, Five, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, and Twenty-Two of the Second Superseding Indictment (ECF 33). *See* ECF 297-3; *see also* Docket, 1/12/04. Counts Three and Five charged using, carrying, and brandishing

[2] Many of the proceedings in this case took place before the use of electronic filing. The first electronic filing was docketed on December 1, 2009, at ECF 196. However, I previously reviewed the Chambers files maintained by Judge Legg and Judge Nickerson. *See* ECF 275 at 1 n.1; ECF 304 at 1 n.1. Moreover, in connection with earlier motions filed by the defendant, I obtained the case file maintained in the federal archives and reviewed it. *Id*.

[3] Defendant and two others were indicted on August 22, 2002. ECF 1. A Superseding Indictment was filed on October 31, 2002 (ECF 18), adding a fourth defendant. The fifth defendant was added in the Second Superseding Indictment, filed on January 23, 2003. ECF 33.

a firearm on January 11, 2002, and February 12, 2002, respectively, during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).[4] The remaining eleven counts charged robberies of financial institutions between January 11, 2002, and July 29, 2002, and aiding and abetting, in violation of 18 U.S.C. § 2113(a), (d), and (f) and 18 U.S.C. § 2. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated to a total sentence of fifty years of imprisonment. ECF 297 at 2.

Notably, in March 2003, defendant had previously entered a plea of guilty to Counts One, Two, and Three of the Second Superseding Indictment (ECF 33), charging conspiracy to commit bank robbery (Count One); bank robbery (Count Two); and brandishing a firearm in the commission of a crime of violence (Count Three). *See* Docket, 3/24/03; *see also* ECF 297-4 (First Presentence Report or "First PSR"), at 3. The parties had agreed to a total sentence of twenty-five years of imprisonment. *Id.* ¶ 4. But, defendant subsequently sought to withdraw his guilty plea. ECF 75. And, Judge Legg, who was then presiding, allowed defendant to do so. ECF 112. Therefore, defendant proceeded to trial in January 2004, at which Judge Nickerson presided. *See* Docket.

As indicated, on January 12, 2004, in the midst of trial, defendant decided to again plead guilty. But, the terms of the Plea Agreement changed substantially. Instead of pleading to only three offenses, defendant pleaded guilty to thirteen offenses. Moreover, the parties stipulated to a total sentence of fifty years of imprisonment, in stark contrast to the twenty-five years of imprisonment to which they had agreed in the first plea agreement.

Judge Nickerson sentenced defendant on January 12, 2004, to the agreed term of fifty years

[4] As to Count Three, it referenced the bank robbery in Count Two on January 11, 2002. Count Five referenced the robbery in Count Four on February 12, 2002.

of imprisonment. ECF 122 (Judgment).[5] Despite the length of the sentence, Judge Nickerson described the Plea Agreement as "very favorable" to Mr. Harris, in light of "the overwhelming evidence against him and the even longer sentence that would be imposed had he been convicted at trial." ECF 275 at 3 (quoting ECF 156, Nickerson post-conviction opinion dated 3/8/06, at 2) (in turn citing Transcript of January 12, 2004, at 19)).

In April 2020, defendant, pro se, moved for compassionate release, pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A)(i). ECF 278. Then, through appointed counsel, defendant filed another motion for compassionate release (ECF 290), with exhibits. I considered ECF 278 and ECF 290 collectively. By Memorandum Opinion (ECF 304) and Order of December 30, 2020 (ECF 305), I granted the motion in part and reduced defendant's total sentence from fifty years of imprisonment to thirty years of imprisonment. *See* ECF 306 (Amended Judgment). In other words, I reduced defendant's sentence such that it was almost the same as the one he would have received if he had not withdrawn from his first plea agreement.

From 2021 through 2025, defendant submitted many filings that were construed as motions for compassionate release. *See* ECF 313; ECF 316; ECF 340; ECF 342; ECF 353; ECF 369; ECF 388; ECF 389; ECF 390. He also filed motions under Amendment 821 (ECF 366, ECF 376). By Memorandum Opinion and Order of July 3, 2025 (ECF 404, ECF 405), I further reduced defendant's sentence. In particular, I deducted an additional year, for a total sentence of twenty-nine years of imprisonment. An Amended Judgment followed. ECF 406.[6]

---

[5] Following defendant's plea of guilty, the parties proceeded directly to sentencing. This may have been because the First PSR had already been prepared in May 2003, following defendant's first guilty plea proceeding. *See* ECF 297-4 at 2.

[6] Billy Campbell Harding, a co-defendant, proceeded to trial in June 2003 before Judge William Quarles, Jr. *See* Docket. The jury convicted Harding of several crimes, and Judge Quarles sentenced him to a total of 96 years of imprisonment. ECF 100. The Fourth Circuit affirmed.

## II. Defendant's Presentence Reports

Defendant's First Presentence Report (ECF 297-4), dated May 29, 2003, was prepared in connection with defendant's first plea of guilty. So, it included calculations under the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"), but only for Counts One, Two, and Three. Nevertheless, it accounted for the stipulated conduct of the robberies committed by defendant on February 12, 2002; March 11, 2002; March 29, 2002; May 14, 2002; May 24, 2002; May 28, 2002; June 27, 2002; July 3, 2002; July 15, 2002; and July 29, 2002. *See* ECF 297-4, ¶¶ 27–99.

According to the First PSR, defendant qualified as a career offender. *Id.* ¶ 118. That determination was based on two nighttime burglary convictions and a conviction for daytime housebreaking. *See id.* ¶¶ 123, 124, 125. Specifically, ¶ 123 reflected a 1992 conviction in the Circuit Court for Baltimore City for "Daytime Housebreaking." Paragraph 124 referenced a conviction in December 1994 in the Circuit Court for Baltimore County for "Burglary-Intent to Steal-Night," Case 94CR3891. And, ¶ 125 referenced a conviction in January 1995 in the Circuit Court for Baltimore County, also for nighttime burglary, Case 94CR4428.

ECF 297-4 reflects that Harris had an offense level of 32 for Counts One and Two, charging conspiracy to commit bank robbery and bank robbery, respectively. ECF 33; ECF 297-4, ¶¶ 1, 115. But, because defendant was found to be a career offender under U.S.S.G. § 4B1.1, the offense level for those counts was increased by two levels, to an offense level of 34. ECF 297-4, ¶ 118. Count Three, under 18 U.S.C. § 924(c), required a mandatory minimum sentence of seven years, consecutive to the sentences for Counts One and Two. *Id.* ¶ 6.

---

ECF 130. But, Judge James Bredar has twice reduced Harding's total sentence, and he is now serving a total sentence of 348 months, *i.e.*, 29 years. *See* ECF 333, ECF 365.

The First PSR also reflects a total of seventeen criminal history points. Because of those criminal history points, and because of defendant's status as a career offender, defendant had a criminal history category of VI. *Id.* ¶¶ 6, 130, 131.

Between 2019 and 2024, defendant repeatedly wrote to the Court regarding alleged errors in his First PSR. *See* ECF 274, ECF 313, ECF 344, ECF 353, ECF 366, ECF 368, ECF 369, ECF 374, ECF 375. In some of those filings, defendant asserted that he had "never been charged, tried, or convicted for [burglary – intent to steal night]," and that Case 94CR3891, which was described as nighttime burglary, was actually a daytime offense. ECF 313; *see also* ECF 274, ECF 366, ECF 369.

An amended PSR was docketed on August 28, 2024. ECF 380 ("First Amended PSR"). The First Amended PSR removed defendant's designation as a career offender. *Compare* ECF 297-4, ¶ 118 *with* ECF 380, ¶ 92. It also removed the two criminal history points assigned to defendant for a theft offense in March 1992, although the offense itself remained in the First Amended PSR. *Compare* ECF 297-4, ¶ 122 *and* ECF 380, ¶ 98. In addition, the description of Case 94CR3891 was revised to show a conviction for "Burglary-Daytime Housebreaking," rather than nighttime burglary. *Compare* ECF 297-4, ¶ 124 with ECF 380, ¶ 100. However, the conviction for Case 94CR4428 remained, and the description remained unchanged, *i.e.*, nighttime burglary. *See* ECF 380, ¶ 101.

In sum, the First Amended PSR shows a revised criminal history score of fifteen points, rather than seventeen. ECF 380, ¶ 106. But, defendant's criminal history category of VI remained unchanged. *Id.*

On January 21, 2025, defendant wrote to the Court requesting another amendment to his PSR. ECF 391. On February 5, 2025, I determined that the First Amended PSR did not account

for certain changes in the Guidelines that pertain to criminal history points. But, it also failed to account for all of defendant's convictions. ECF 392 at 1. In particular, the First Amended PSR did not reflect for defendant's convictions as to Count Three and Count Five, both under 18 U.S.C. § 924(c). *See* ECF 306.

The Second Amended PSR was docketed on February 14, 2025. ECF 393. It added facts pertinent to this case concerning the Indictment and the Second Superseding Indictment, the jury trial, and this Court's earlier reduction of defendant's sentence. *Id.* ¶¶ 1, 2, 5, 6; *see also* ECF 304; ECF 305. In addition, the Second Amended PSR removed the offense conduct provided by the government in the Statement of Facts as to the original plea agreement, from which defendant had withdrawn. Instead, it states that "the Probation Office is unaware of the facts provided to the Court during the plea hearing on January 12, 2004." ECF 393, ¶ 7. *Compare* ECF 380, ¶¶ 5–10 *with* ECF 393, ¶ 7.

Further, the Second Amended PSR removed one status point and one recency point from the criminal history point calculation. *Compare* ECF 380, ¶¶ 104–06 *with* ECF 393, ¶¶ 101–02; *see* U.S.S.G. § 4A1.1(d), (e). As a result, the Second Amended PSR reflects a criminal history score of thirteen points. *See* ECF 297-4, ¶ 130; ECF 393, ¶ 102. However, with thirteen points, defendant's criminal history category of VI remained unchanged. *Id.*

As indicated, unlike the original PSR (ECF 297-4, ¶ 122), the First Amended PSR and the Second Amended PSR assigned zero points for the defendant's theft offense in March 1992. ECF 380, ¶ 98; ECF 393, ¶ 95. Moreover, both the First Amended PSR and the Second Amended PSR correctly describe defendant's prior conviction in Case 94CR3891 as "Burglary-Daytime Housebreaking." ECF 380, ¶ 100; ECF 393, ¶ 97. In the First PSR, that offense had been labeled

"Burglary – intent to steal night." *See* ECF 297-4, ¶ 125.[7]

Of import, the Second Amended PSR reflects that defendant was convicted of two separate burglary offenses in 1994, both of which occurred in Baltimore County. ECF 393, ¶¶ 97, 98. The first conviction reportedly occurred in September 1994 and is identified as "Burglary – Daytime Housebreaking." *Id.* ¶ 97. The case number associated with it is "94CR3891." *Id.* The second offense reportedly occurred in October 1994 and is labeled "Burglary Intent/Steal/Night." *Id.* ¶ 98. The case number associated with it is "94CR4428." *Id.*

The Second Amended PSR also indicates that in Case 94CR3891, defendant was sentenced to eight years of imprisonment on December 15, 1994, with all but 18 months suspended, and three years of probation. *Id.* ¶ 97. And, on January 17, 1995, he was sentenced to the same term in Case 94CR4428. *Id.* ¶ 98.[8] Defendant was assigned three criminal history points for each conviction. *Id.* ¶¶ 97, 98. Defendant disputes the existence of the conviction in ¶ 98.

**III. The Motion**

Harris contends that he is "actually innocent of committing" the offense of "burglary intent to steal night," associated with Case 94CR4428. ECF 417 at 1; *see* ECF 393, ¶ 98. He asks the

[7] Paragraph 104 of the First Amended PSR (ECF 380) pertained to status points, *i.e.*, commission of the underlying offense while under supervision for another offense. It stated, *id.*: "At the time the instant offense was committed, the defendant was on parole under Department of Corrections ID #501542 (Burglary-Intent to Steal-Night (Docket No.: 94CR3891); Burglary-Intent to Steal-Night (Docket No.: 94CR4428); 1) Unauthorized Use, 2) Malicious Destruction (Docket No.: 395265005); Pursuant to U.S.S.G. §4Al.l(d), 2 points are added."

The labeling of the offense for Case 94CR3891 in ¶ 104 of ECF 380 was erroneous, in light of the revision. However, the criminal history section of the First Amended PSR correctly identified Case 94CR3891 as Daytime Housebreaking. *See* ECF 380, ¶ 100. In any event, the mislabeling in ECF 380, ¶ 104 did not affect defendant's criminal history score.

[8] On November 1, 1995, defendant received concurrent five-year sentences in both cases for violations of probation. *Id.* ¶¶ 97, 98.

Court to correct the alleged error by removing it from his Second Amended PSR, which would then reduce defendant's criminal history score from 13 points to 10 points. In turn, this reduction would reduce defendant's criminal history category from VI to V.

Defendant believes that, with a criminal history category of V, rather than VI, this Court would have reduced his sentence by more than the twenty-one-year reduction it has already granted. ECF 423 at 5. He seeks, *inter alia*, "any and all relevant relief that this court deems fair and just considering the circumstances." ECF 416 at 3.

In particular, defendant claims that on December 15, 1994, he pleaded "guilty to daytime housebreaking, under case no. 94CR3891 . . . in the Circuit Court for Baltimore County, Towson Maryland." ECF 417 at 2; *see* ECF 393, ¶ 97. But, he maintains that he "was not charged with burglary int [sic] to steal night [sic] under case No. 94CR4428." ECF 417 at 2; *see* ECF 393, ¶ 98. Indeed, defendant contends: "There exist [sic] no judgment and commitment from the Circuit Court for Baltimore County, Towson, bearing Case No. 94CR4428 for which petitioner was sentenced to any amount of confinement." *Id.* Defendant supports his claim of error with a letter dated July 19, 2018, written on behalf of Baltimore County Circuit Court Judge Colleen Cavanaugh, discussed *infra*. ECF 416-1

Defendant's Motion seeks relief in the form of (1) "the movant's Second Amended PSR, specifically Part B of the defendant's criminal history section, be corrected by deleting the error . . ."; (2) "Amend movant's current criminal history score from 13 to 10 points reflecting an amended criminal history category of V"; and (3) "Any and all relevant relief that this court deems fair and just considering the circumstances." ECF 416 at 2–3.

The government responded to defendant's Motion on July 28, 2026. ECF 422. It represents that it was "unable to confirm that Defendant was convicted of two separate burglaries

in 1994, as reflected in the Second Amended PSR. *Id.* Further, the government states that it "found no information contradicting or providing further clarification on the Baltimore Circuit Court's assertion that Defendant was not charged with 'Burglary – Intent to Steal, Night' in 1994." *Id.* at 1 (quoting ECF 416-1 at 1). However, regarding any recalculation of defendant's criminal history category, the government observes: "Even assuming a Criminal History Category of V, Defendant's total Guidelines range would be 319 to 356 months.[] Defendant's previously amended sentence of 348 months would still be within the Guidelines range. No further reduction of Defendant's sentence is required or warranted." ECF 422 at 1.

Defendant replied on August 11, 2026. ECF 423. He reasserts his claims of error, insisting that "there is no evidence Petitioner was convicted of two separate burglaries in 1994." *Id.* at 1. Therefore, he requests "immediate release." *Id.* at 5. He also requests that the Court "apply the low end of the USSG, as it is now able to do," *i.e.*, to further reduce his sentence. *Id.*

In addition, defendant avers: "Petitioner is confident that, if this error did not exist at the time [of his First Compassionate Release Motion], his criminal history score would have been 10, with a category 5, whereby the possibility of a 20 year reduction could have been reduced lower." *Id.* (alteration added). In other words, defendant suggests that, if I had known that he had a criminal history category of V, not VI, I would have reduced his sentence even more than the twenty-one-year reduction that I gave him.

## IV. Discussion

### A.

As an initial matter, defendant's Second Amended PSR contains an error, which I identified in a prior Memorandum Opinion. *See* ECF 404 at 46. Neither side has asked me to correct the error, but I shall do so.

Specifically, as to the combined offense level for the robbery counts, the Second Amended PSR does not reflect a two-level deduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Of import, the original Statement of Reasons, dated January 13, 2004 (ECF 402), reflects that Harris had a final offense level of 32 for the robbery counts. But, because of the career offender designation, the offense level would have been 34. Therefore, one can only conclude that Judge Nickerson awarded a two-point deduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), thereby reducing the offense level to 32. That conclusion is confirmed in Judge Nickerson's preparation materials for sentencing, located in his files. *Id*. He clearly intended to award a two-level deduction for acceptance of responsibility. *Id.* This explains why defendant had a final offense level of 32, rather than 34.[9]

The career offender designation has since been removed from Harris's PSR. *See* ECF 380; ECF 404. Therefore, defendant's offense level for the robberies is 32, not 34, before deductions. ECF 393, ¶ 91. However, the Second Amended PSR fails to award any deductions for acceptance of responsibility. *Id.* ¶ 93. But, because Judge Nickerson awarded a two-level deduction on this basis, defendant is entitled to the deduction of two points for acceptance of responsibility. U.S.S.G. § 3E1.1(a). If awarded, defendant's offense level would be reduced to 30. *Compare* ECF 393, ¶ 91 *with* ECF 297-4, ¶¶ 117, 118.

Accordingly, if sentenced today, defendant's combined final offense level for the robberies would be 30. Therefore, the Probation Office shall be directed to amend defendant's Second

[9] Given that defendant withdrew his initial plea of guilty and then did not plead guilty until the fourth day of trial, other judges may not have awarded the deduction for acceptance of responsibility. *See* Commentary to U.S.S.G. § 3E1.1, Note 2 ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial . . .") and Note 3 ("Entry of a plea of guilty prior to the commencement of trial . . . will constitute significant evidence of acceptance of responsibility").

Amended PSR to include the two-point deduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

**B.**

I turn to defendant's Motion. Upon review of the Second Amended PSR (ECF 393), the letter to defendant from the Circuit Court for Baltimore County (ECF 416-1), the government's response (ECF 422), and information from the Maryland Judiciary Case Search, I conclude that the Second Amended PSR correctly identifies in the Criminal History section a crime of "Burglary – Intent/Steal/Night," Case 94CR4428, at ECF 393, ¶ 98.

Judge Cavanaugh's letter, which defendant filed with his Motion, is not new to the Court. *See* ECF 404 at 38. In fact, defendant has submitted this same letter to the Court on several occasions. *See, e.g.*, ECF 274-3; ECF 313-1; ECF 366-3; ECF 369-3. And, because of his submission, defendant's PSR was previously amended to show that the offense associated with Case 94CR3891 was a daytime burglary offense, not a nighttime offense. *Compare* ECF 297-4, ¶ 124 *with* ECF 380, ¶ 100 *and* ECF 393, ¶ 97.

Judge Cavanaugh's letter states: "After reviewing the court's file, our chambers has determined that you are correct that there is a mistake in terms of how your conviction appears in public records." *Id.* In addition, the letter states: "Your commitment record and the original charging document (true test copies of both are enclosed) confirm that you were convicted under the former Article 27 Section 30, for Daytime Housebreaking. You are correct that you were **not** charged with Burglary – Intent to Steal, Night." *Id.* (emphasis in original). The letter also states, *id.*: "The true-test copies of the original documentation . . . can demonstrate that the crime you were charged with and were found guilty of was **Daytime Housebreaking**." (Emphasis in original).

Defendant now claims that this letter establishes that he was not charged with "burglary intent to steal night, case no. 94CR4428," as shown in his Second Amended PSR. ECF 416 at 2. I disagree.

Judge Cavanaugh's letter and the attached exhibits address only one conviction, Case 94CR3891. ECF 416-1. Regarding Case 94CR3891, the letter indicates that it involves a conviction for daytime housebreaking, not nighttime burglary. *Id.* at 1. As noted, that labeling correction has already been made. *See* ECF 393, ¶ 97. Of import, Judge Cavanaugh did not address Case 94CR4428.

Indeed, neither Judge Cavanaugh's letter nor the records enclosed with it shows any information that would suggest that she considered the offense referenced in paragraph 98 of the Second Amendment PSR, *i.e.*, Case 94CR4428. The enclosed records include a tracking number and a central complaint number. A search of the Maryland Judiciary Case Search & Record Portal reveals that those numbers are associated only with Case 94CR3891, not Case 94CR4428. *See* Attachment 1.[10]

Moreover, I do not know what question defendant asked Judge Cavanaugh to address. Judge Cavanaugh's Chambers enclosed a copy of defendant's letter to Chambers with the response. ECF 416-1 at 1 ("Judge Cavanaugh is in receipt of your letter . . . a copy of which is enclosed"). Yet, defendant has never included with his filings a copy of his letter to Judge Cavanaugh. *See* ECF 416-1; 274-3; ECF 313-1; ECF 366-3; ECF 369-3. Defendant's letter would provide important context for the letter he received in response and the material provided by the

[10] The Court may consider the content of the Maryland Judiciary Case Search. Under Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Circuit Court for Baltimore County. It would clarify what question Judge Cavanaugh sought to answer.

For instance, defendant may have written to Judge Cavanaugh seeking only to establish that Case 94CR3891 was a daytime offense and not a nighttime offense. If he did not reference Case 94CR4428, she would not have had a reason to consider it. Indeed, Judge Cavanaugh's letter never mentions Case 94CR4428, and there is no evidence to suggest that her Chambers was asked about that offense or consulted or investigated records associated with it. Therefore, the letter does not support an argument that defendant was not convicted in Case 94CR4428.

Further, the records available through the Maryland Judiciary Case Search & Record Portal that relate to Case 94CR3891 (Attachment 1 hereto) support the conclusion that the records provided by Judge Cavanaugh's Chambers relate only to the offense shown at ¶ 97 of the Second Amended PSR. Defendant has offered no new evidence or argument in support of his claim that the offense shown in ¶ 98 of the Second Amended PSR should be removed from his criminal history.

Critically, a search of the Maryland Judiciary Case Search & Record Portal for records relating to Case 94CR4428 (*see* ECF 393, ¶ 98) produces public records of a charged offense for defendant of "Burglary – Int/Steal/Night." *See* Attachment 2. This record shows a case against "Donte Rolonda Harrisbey," which is another name used by defendant. Judge Nickerson's file contains a letter from "Donta Rolonda Harris-Bey" to Judge Nickerson, dated February 12, 2012. Defendant has also previously identified himself as "Donta Rolonda Harris" in a suit he lodged in the Circuit Court for Baltimore City in 2007 against Judge Nickerson and others, Case 24-C-07-0045240C. That case was later removed to federal court, captioned *Donta Rolonda Harris v. Cunningham et al.*, BEL-08-061. These names are identified with prisoner number 37473-083,

which is defendant's prisoner number. ECF 416-1 at 1.

Further, the Maryland Judiciary records relating to Case 94CR4428 have a case identification number and central complaint number that are distinct from those associated with Case 94CR3891. This fact indicates that these records pertain to a different offense than the one referenced in Judge Cavanaugh's letter and from the one referenced in ECF 393, ¶ 97. *See* Attachment 2.

The exhibits provided with defendant's filing (ECF 416-1 to ECF 416-4), when compared against the Second Amended PSR (ECF 393) and the records available in the Maryland Judiciary Case search & Record Portal, simply do not support removal of the offense associated with Case 94CR4428 from defendant's PSR. *Id.* Rather, it appears that defendant committed two separate burglary offenses in 1994. If defendant obtains new evidence to show that he was convicted of only one burglary offense in 1994, this issue can be revisited.

If the offense in paragraph 98 of the Second Amended PSR (ECF 393) were removed, defendant's criminal history score would be reduced by three points, from his current score of 13 (ECF 393, ¶ 102) to a criminal history score of 10 points. Likewise, defendant's criminal history category would be reduced from category VI to category V. *See* U.S. Sentencing Guidelines, Chapter 5, Part A. But, even assuming, *arguendo*, that defendant is correct that he was not convicted of a second burglary offense in 1994, and that ¶ 98 should be removed from defendant's Second Amended PSR, that would not lead to a further reduction in defendant's sentence.

Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, and Twenty-Two concern eleven separate robberies of financial institutions, for which defendant has a final offense level of 30. ECF 404 at 46. With an offense level of 30 and a criminal history category of V, defendant's advisory Guidelines for the robbery offenses would be 151 to 188

months. Additionally, Counts Three and Five—defendant's firearms convictions under 18 U.S.C. § 924(c)—each carry a mandatory minimum term of imprisonment of seven years, consecutive, for a total of fourteen years (168 months). ECF 393, ¶ 92. Consequently, defendant's total Guidelines would be 319 to 356 months. Defendant's sentence of 348 months falls within those revised Guidelines. *See also* ECF 422 at 1 n.1.

Defendant requests immediate release or a further reduction in sentence with no support beyond the bald assertion: "Petitioner is confident that, if this error did not exist at the time, his criminal history score would have been 10, with a category 5, whereby the possibility of a 20 year reduction could have been reduced lower." ECF 423 at 3. However, as the judge who ruled on defendant's first compassionate release motion in 2020 (ECF 304; ECF 305) and defendant's second compassionate release motion in 2025 (ECF 404; ECF 405), I am quite certain that such changes to defendant's PSR would not have led to a greater sentence reduction than the twenty-one years that I already deducted from defendant's fifty-year sentence.

The Court would have to consider the sentencing factors under 18 U.S.C. § 3553(a). As I have noted previously, defendant's crimes were extremely serious. Harris pleaded guilty to robbing eleven financial institutions. Moreover, regarding "his January 11, 2002, robbery of the First Federal Credit Union, he admitted to abducting a bank employee at gunpoint from his residence, forcibly threatening him and brandishing a shotgun at him. He then forced the employee to provide access to the bank, where he an [sic] associate committed the robbery. During the detention of the bank employee, he also used pepper spray on the bank employee and threatened him with a knife." ECF 385 at 20.

In sum, the nature of the crimes, coupled with defendant's criminal history, weigh heavily against any further sentence reduction at this time.

## V. Conclusion

In summary, I shall deny defendant's Motion. However, the United States Probation Office shall be directed to amend defendant's Second Amended PSR to include an offense level reduction of two points for acceptance of responsibility under U.S.S.G. § 3E1.1.

An Order follows.

Date: October 19, 2026

/s/
Ellen Lipton Hollander
United States District Judge